| | |
|---|---|
| BLANK ROME LLP<br>Ana Tagvoryan (SBN 246536)<br>atagvoryan@blankrome.com<br>Harrison Brown (SBN 291503)<br>hbrown@blankrome.com<br>2029 Century Park East \| 6th Floor<br>Los Angeles, CA 90067<br>Telephone: 424.239.3400<br>Facsimile: 424.239.3434<br><br>Attorneys for Defendant<br>GREEN RUSH GROUP, INC. | |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN BEAL, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREEN RUSH GROUP, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:20-cv-02195-MMA-BGS<br><br>*Assigned to Hon. Michael M. Anello*<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT GREEN RUSH GROUP, INC.**<br><br>Date: June 7, 2021<br>Time: 2:00 p.m.<br>Location: Courtroom 3D<br>221 West Broadway<br>San Diego, CA 92101 |

125763492

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Defendant Green Rush Group, Inc. ("Defendant") submits this memorandum in support of its motion to dismiss the Complaint of Plaintiff Jordan Beal ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. INTRODUCTION

Plaintiff's Complaint fails to state a claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. Plaintiff's conclusory allegations that Defendant used an automatic telephone dialing system ("ATDS")—an element of his claim—to transmit a single text message to Plaintiff do not satisfy the pleading requirements of the Federal Rules of Civil Procedure and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); nor do they satisfy the definition of an ATDS set forth recently by the United States Supreme Court. First, the Complaint lacks allegations of fact that the system that transmitted the alleged text message has the capacity to store or produce phone numbers using a random or sequential number generator, as required by the TCPA. Plaintiff alleges that the system that transmitted the text message is an "SMS Blasting Platform," but does not explain what that means or how that translates into an "automatic telephone dialing system" that generated his phone number randomly or sequentially. Moreover, Plaintiff's conclusory allegations fail to create an inference that Defendant utilized an ATDS because the text message at issue suggests that Plaintiff had a prior or existing business relationship with Defendant, therefore, eliminating the possibility that Defendant transmitted the text message by utilizing a system that generates numbers randomly or sequentially. For all of these reasons, Plaintiff's Complaint should be dismissed.

## II. BACKGROUND

On November 10, 2020, Plaintiff filed this putative class action, alleging the transmission of a single, unsolicited text message from Defendant in violation of the TCPA. Compl. ¶¶ 16-18. Specifically, Plaintiff alleges that Defendant sent an unsolicited text message to Plaintiff's cell phone on or about April 19, 2020, which stated: "We're here for you! Get ready for a Contactless High this 420 w/ a delivery

from greenrush.com – 20% off your order w/ code 420SAFE. Exp 4/21 STOP to opt-out." *Id.* ¶ 18. Despite the plain language of the text message suggesting that Plaintiff had a business relationship with Defendant (which he did), Plaintiff makes <u>one</u> extreme conclusory allegation that Defendant utilized an ATDS to transmit the alleged text message. *Id.* ¶ 19 (stating merely that an "SMS Blasting Platform" is an ATDS).

Plaintiff does not assert that he suffered any actual injury but claims he suffered "irreparable harm" in that he was charged for the text message by his phone company, and he is entitled to statutory damages under the statute of either $500 or $1500 for the single text message. *Id.* ¶¶ 27, 28, 38, 42.

Plaintiff brings this action individually and on behalf of the following proposed class:

> [A]ll persons within the United States who received any unsolicited text messages from Defendant which text message was not made for emergency purposes or with the recipient's prior express consent within the four years prior to the filing of this Complaint." Compl. ¶ 25.

### III. LEGAL ARGUMENT

#### A. Legal Standard

To survive a motion to dismiss, a complaint must be plausible on its face; allegations that are "merely consistent" with a defendant's liability or that only suggest "the mere possibility of misconduct" do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 679 (2009). Dismissal may be based on the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Kwan v. Sanmedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017) (quotation marks omitted). While allegations of material fact are assumed to be true, and viewed in the light most favorable to the plaintiff, the court need not accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Consequently, a motion to dismiss should be granted when a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

### B. Plaintiff's Conclusory Allegations that Defendant Utilized an ATDS Do Not Satisfy the Definition of an ATDS.

The TCPA makes it unlawful to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an [ATDS] or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1).[1] On April 1, 2021, the Supreme Court decided *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163 (2021), a long-awaited decision that resolved a conflict among the Courts of Appeals and clarified the definition and the scope of an ATDS. Prior to the decision in *Facebook*, the Ninth Circuit defined an ATDS as "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018), abrogated by *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163 (2021). Although the Ninth Circuit's decision was in line with decisions from the Second and Sixth Circuits, a conflict existed with decisions from the Third, Seventh, and Eleventh Circuits as to whether "random or sequential number generator" modified both the words "store" and "produce." *Facebook*, 141 S.Ct. at 1168, n.4.

In resolving the circuit split in *Facebook*, the Court instructed: "To qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Id.* at 1167. Thus, the Court held that "Congress' definition of an autodialer requires that in all cases,

---

[1] Text messages are considered calls by the FCC. *In re Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14115, ¶ 165 (2003) ("*2003 Report and Order*").

whether storing or producing numbers to be called, the equipment in question must use a random or sequential number generator." *Id.* at 1170. Applying that definition, Facebook's system did not constitute an ATDS because it transmitted targeted text messages linked to specific accounts. *Id.* at 1168. Thus, *Facebook* has dramatically clarified the definition and scope of what constitutes an ATDS.

   C. **Plaintiff Fails to Allege Facts That Show The Equipment Has The Capacity To Random Or Sequentially Generate And Dial Numbers.**

To state a claim under the TCPA, a plaintiff must allege "more than a 'formulaic recitation of the elements….'" *Engman v. Nationstar Mortg. LLC*, Case No.: 15-CV-01142-AJB-JLB, 2015 WL 12660412, at *2 (S.D. Cal. Dec. 4, 2015) (quoting *Bell Atl. Corp.*, 550 U.S. at 555)). Where a plaintiff "merely parrots" the statutory definition of an ATDS, the allegations "fall short of what is required for plausibility." *Bodie v. Lyft*, Case No.: 3:16-cv-02558-L-NLS, 2019 WL 258050, at *2 (S.D. Cal. Jan. 16, 2019) (dismissing TCPA claim where first amended complaint was devoid of any facts supporting a reasonable inference that the defendant utilized an ATDS to transmit the text messages at issue). Instead, a plaintiff alleging the use of a particular type of equipment is "generally required to rely on indirect allegations such as the content of the message, the context in which it was received, and the existence of similar messages, to raise an inference that an automated dialer was utilized." *Flores v. Adir Int'l, LLC*, Case No.: CV 15-00076-AB (PLAx), 2015 WL 12806476, at *2 (C.D. Cal. May 8, 2015) (internal citations omitted).

Here, Plaintiff fails to state a cause of action under the TCPA based on the alleged transmission of a single text message to Plaintiff. As an initial matter, Plaintiff's Complaint lacks any factual allegations showing that the system that transmitted the text message plausibly has the capacity to store or produce telephone numbers using a random or sequential number generator and to dial them. Indeed, Plaintiff does not even "parrot the definition" of an ATDS. *See also Freidman v. Massage Envy Franchising, LLC*, No. 12-02962, 2013 WL 3026641, at *2 (S.D. Cal.

June 13, 2013) (dismissing TCPA claim where allegation that texts "'were placed via an [ATDS]'" was "nothing more than a 'formulaic recitation of the elements of a cause of action.'"). At best, Plaintiff makes only a single incomplete conclusory statement that Defendant utilized an "SMS Blasting Platform, i.e., an 'automatic telephone dialing system,' ('ATDS') as defined by 47 U.S.C. § 227 (a)(1) [sic] as prohibited by 47 U.S.C. § 227 (b)(1)(A)." Compl. ¶ 19. Plaintiff's legal conclusion as to the texting platform being an ATDS is wholly deficient, fails basic notice pleading standards under Rule 8, and specifically fails to plausibly allege the use of an ATDS above the speculative level.

More importantly, the language of the text message itself, incorporated in Plaintiff's Complaint, suggests that Plaintiff had a prior or existing business relationship with Defendant. Compl. ¶ 18. The text message states, in part, that Green Rush Group is there for Plaintiff. Although Plaintiff asserts that he "was never a customer of Defendant's and never provided his cellular telephone number Defendant for any reason whatsoever" (*id*. ¶ 22), the reproduced text message strongly implies that Plaintiff provided Defendant with his phone number as part of a prior or existing business relationship relating to delivery of cannabis products. Accordingly, it can be inferred that Plaintiff provided Defendant with his cell phone number, therefore, defeating any claim that Defendant contacted him by utilizing an ATDS. Without allegations explaining the circumstances that suggest the defendant's use of an ATDS, a plaintiff fails to state a claim under the TCPA. *Huricks v. Shopkick, Inc.*, No. C-14-2464- MMC, 2014 WL 3725344, at *2 (N.D. Cal. July 24, 2014) (dismissing complaint because "it is devoid of any facts that could support a reasonable inference that Shopkick used an ATDS to send the subject text messages.").

### D. Plaintiff's Complaint Should Be Dismissed with Prejudice Because Amendment Would Be Futile.

A complaint may be dismissed with prejudice where granting leave to amend "would be futile." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.

125763492
6
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1992). Granting leave to amend here would be futile because of the recent *Facebook* decision, which compels the conclusion that Plaintiff cannot "allege other facts consistent with the challenged pleading" that would cure the deficiencies of the Complaint. *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 297 (9th Cir. 1990) (internal quotation marks omitted). Dismissal of Plaintiff's Complaint with prejudice thus is proper. *Daniels v. ComUnity Lending, Inc.*, No. 13cv488-WQH-JMA, 2015 WL 541299, at *7 (S.D. Cal. Feb. 9, 2015) (dismissing TCPA claim with prejudice where calls were directed specifically to plaintiff and thus were not made with an ATDS).

## IV. CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that this Court dismiss both TCPA counts and dismiss Plaintiff's Class Action Complaint without leave to amend.

DATED: April 23, 2021          BLANK ROME LLP

                               By: *s/ Ana Tagvoryan*
                               Ana Tagvoryan
                               Harrison Brown
                               Attorneys for Defendant
                               GREEN RUSH GROUP, INC.